UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RAMON A. SANTOS, | ) | CASE NO. 4:10 CV1087 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| J.T. SHARTLE, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

Before the court is petitioner Ramon Santos's above-captioned pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated at Northeast Ohio Correctional Center (N.E.O.C.C.) in Youngstown, Ohio. Mr. Santos seeks to set aside his conviction and sentence. For the reasons set forth below, the court denies the petition.

*Background*

Mr. Santos was indicted in the United States District Court for the Northern District of Texas on one count of conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). *See United States v. Santos*, No. 4:04-CR-114-A (N.D. Tex. 2004). A jury found him guilty on December 14, 2004. He was sentenced on March 24, 2005, to 260 months of imprisonment, followed by five years of supervised release.

Petitioner timely appealed his conviction to the Fifth Circuit Court of Appeals. He claimed, in part, that his rights under the Confrontation Clause of the Sixth Amendment were violated when the trial court allowed two government witnesses to testify regarding statements made by a confidential informant. Analyzing his claim under *Crawford v. Washington*, 541 U.S. 36 (2004), the Fifth Circuit held that the confidential informant's statements were not testimonial. The court affirmed petitioner's conviction and sentence on May 9, 2006. *See United States v. Crespo-Hernandez*, No. 05-10461, 2006 WL 1307562 (5th Cir. 2006). Santos then filed a petition for writ of certiorari, which the Supreme Court denied on May 14, 2007.

On August 2, 2007, Mr. Santos filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255. Again, he argued his rights under the Confrontation Clause of the Sixth Amendment were violated. While he acknowledged the Fifth Circuit's earlier rejection of his claim under *Crawford*, he claimed the Supreme Court's later opinion in *Davis v. Washington*, 547 U.S. 813 (2006) now entitled him to relief. The district court rejected his argument. The court noted Petitioner failed to establish *Davis* was retroactively applicable. Further, it held he was not entitled to relief because his rights under the Confrontation Clause were not violated. The court explained "he has not-and could not-present a good-faith argument that the primary purpose of the statements made to the confidential informant regarding the ongoing drug trafficking operation was to establish or prove past events potentially relevant to his subsequent criminal prosecution." *Santos v. United States*, No. 4:07-CV-456-A, 2007 WL 2811610, at *2 (N.D. Tex. Sep. 26, 2007)(citation omitted). After filing an unsuccessful motion for reconsideration, Petitioner appealed to the Fifth Circuit for a Certificate of Appealability (COA). The Court of Appeals denied his request for a COA.

Mr. Santos now argues he is entitled to relief from this court based on the Supreme Court's

recent decision in *Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527 (2009). In *Melendez-Diaz*, the Court held that certificates of analysis sworn to by analysts at a state laboratory and proffered at a drug trafficking trial as *prima facie* evidence of the substance's composition, fell within the "core class of testimonial statements" covered by the Confrontation Clause.  Relying on its earlier *Crawford* decision, the Court explained "[t]hey are incontrovertibly a 'solemn declaration or affirmation made for the purpose of establishing or proving some fact.'" *Id*. at 2532 (quoting *Crawford*, 541 U.S. at 51.)  Petitioner believes *Melendez-Diaz* underscores his assertion that the confidential informant's statements, introduced at his trial through a government witness, violated his Sixth Amendment rights under the Confrontation Clause.  He claims he should have been permitted to cross-examine the source of these statements once it was offered to the jury.  Because *Melendez-Diaz* was decided after his case was "resolved," Mr. Santos maintains his remedy under § 2255 is inadequate and ineffective.

*28 U.S.C. §2241*
*Challenging a Conviction*

Claims asserted by federal prisoners seeking to challenge their convictions or the imposition of their sentence must be filed in the sentencing court under 28 U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*, 972 F.2d 23, 25-26 (2d Cir.1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979).  A federal prisoner may not challenge his conviction and sentence under 28 U.S.C. § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir.1999); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th

3

Cir.1998). It is only under highly exceptional circumstances that a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756.

Mr. Santos claims he is entitled to federal habeas relief because the *Melendez-Diaz* decision was not available at the time he was convicted. He does not, however, cite to an intervening change in the law which reflects that he may actually be innocent of his crime. Unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate, *see In re Davenport*, 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States*, 124 F.3d 361, 363, 378-80 (2d Cir.1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), Mr. Santos has already asserted his present claim in a prior § 2255 motion to vacate. Nothing in the Court's *Melendez-Diaz* opinion renders him innocent of the crime for which he is now serving his prison term.

In the Sixth Circuit, a prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241. *See Lott v. Davis*, No. 03-6172, 2004 WL 1447645, at *2 (6th Cir. June 18, 2004)("it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause"); *see Martin v. Perez*, 319 F.3d 799, 804 (6th Cir.2003); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001)("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence."). The record and briefs before the sentencing court and Fifth Circuit are sufficient to show that Mr. Santos was properly convicted. His current claims that the

4

testimony of a confidential informant should not have been relied upon fails to establish he is actually innocent of his conviction. "'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Martin*, 319 F.3d at 804 (quoting in *Bousley v. United States*, 523 U.S. 614, 623 (1998)). "Actual innocence" in this regard means factual innocence, rather than mere legal insufficiency. *Id.* Petitioner does not claim *Melendez-Diaz* rendered the acts in which he engaged, and for which a jury found him guilty, non-criminal behavior.

Mr. Santos has failed to show that his § 2255 remedy is inadequate or ineffective. A prisoner's remedy under § 2255 is not inadequate or ineffective merely because he is time-barred or otherwise procedurally barred from seeking relief under § 2255, or because he has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). As noted above, unlike other prisoners who did not have a prior opportunity to present their claims, *see*, *e.g.*, *In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998), Mr. Santos had the opportunity to raise his claim in his § 2255 motion to vacate and did so, albeit unsuccessfully.

## *Conclusion*

Based on the foregoing, the petition is dismissed pursuant 28 U.S.C. § 2243. Further, the court certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                              /s/ Solomon Oliver, Jr.
                                              UNITED STATES DISTRICT JUDGE

Dated: November 24, 2010